IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN MCLEAN | : |
| | : CIVIL ACTION |
| | : |
| v. | : NO. 15-957 |
| | : |
| CITY OF PHILADELPHIA | : |

**MEMORANDUM**

**SURRICK, J.**                                                                              **DECEMBER  20 , 2016**

      Presently before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. (ECF No. 3.) For the following reasons, Defendant's Motion will be granted.

**I.    BACKGROUND**

    **A.    Factual Background[1]**

      Plaintiff's Amended Complaint alleges that on January 12, 2013, Plaintiff Jacquelyn McLean requested emergency services and transportation to a nearby hospital. (Am. Compl. ¶¶ 4-5, ECF No. 1.) Defendant City of Philadelphia and its employees, who operated a Philadelphia Fire Department Rescue Ambulance (hereinafter, the "ambulance"), responded and arrived at 5716 Malcom Street in Philadelphia, Pennsylvania at approximately 10:00 a.m. (*Id.* ¶ 4.) Upon their arrival, City employees directed Plaintiff to ambulate herself into the ambulance. (*Id.* ¶ 7.) As she entered the ambulance without assistance from Defendant, Plaintiff fell backwards out of the ambulance and landed on the ground. (*Id.* ¶ 8.) Plaintiff suffered injuries to her ankle, neck, and back. (*Id.* ¶ 9.)

---

[1] For the purpose of this Motion, the factual allegations in the Amended Complaint are taken as true. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

### B. Procedural History

On January 7, 2015, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas in Philadelphia. (Notice of Removal ¶ 1, ECF No. 1.) On February 2, 2015, Plaintiff filed an Amended Complaint. The Amended Complaint asserts claims under 42 U.S.C. Section 1983 for violations of Plaintiff's civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Am. Compl. ¶ 19.)[2] On February 25, 2015, Defendant filed a Notice of Removal to this Court. Defendant subsequently filed a Motion to Dismiss for Failure to State a Claim. Plaintiff filed an Answer to Defendant's Motion to Dismiss. (ECF No. 7.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6), tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A

---

[2] Plaintiff's Amended Complaint alleges negligence and recklessness on the part of Defendant. However, in a footnote in the Memorandum of Law attached to Plaintiff's Answer to Defendant's Motion to Dismiss, Plaintiff states: "The Amended Complaint seeks to impose liability upon the City solely based upon a Section 1983 claim and raises no claims under the Tort Claims Act." Accordingly, Plaintiff is not pursuing any state law claims.

complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id*. at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

### III.   DISCUSSION

#### A.   Section 1983 Liability

Section 1983 states in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights . . . secured by the Constitution and

laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. A "person" includes local government units and municipalities. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). "A cause of action under Section 1983 requires only two allegations: a person has deprived the plaintiff of a federal right, and that person acted under color of state or territorial law." *Goldwire v. City of Phila.*, No. 15-2856, 2015 WL 5334314, at *2 (E.D. Pa. Sept. 11, 2015) (citing *Gomez v. Toledo,* 446 U.S. 635 (1980)). Here, Plaintiff asserts that she was deprived of a number of her rights. Plaintiff alleges that the conduct of Defendant violated her constitutional rights to be free from "unreasonable searches and seizures, rights to medical care in custody, rights to be free from cruel and unusual punishment, rights to privacy, right to bodily integrity, right to safety, and to substantive and procedural due process, as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments . . . ." (Am. Compl. ¶ 19.) Clearly, no facts are alleged from which this Court could even consider violations of the Fourth, Fifth, and Eighth Amendments. Only the Fourteenth Amendment substantive due process claim warrants discussion.

      The Third Circuit has made it clear that the "Due Process Clause does not require the State to provide rescue services" and that the clause does not "place an affirmative obligation on the State to provide competent rescue services if it chooses to provide them." *Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 478 (3d Cir. 2003); *see also Salazar v. City of Chi.*, 940 F.2d 233, 237 (7th Cir. 1991) ("Government generally has no constitutional duty to provide rescue services to its citizens, and if it does provide such services, it has no constitutional duty to provide competent services to people not in its custody." (citation omitted)). Two exceptions exist under this non-liability rule. If a municipality has a "special relationship" with the plaintiff or if a municipality "places the [plaintiff] in a position of danger,"

4

then it may be held liable. *See Brown*, 318 F.3d at 478. In addition, a city may be liable if the execution of its policy or custom inflicts injury on another. *Monell*, 436 U.S. at 694.

        *1.*        *Special Relationship*

A special relationship is created and a municipality or state has an affirmative duty to protect another "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). This relationship only arises when a "comprehensive custodial relationship" occurs. *Torisky v. Schweiker*, 446 F.3d 438, 445 (3d Cir. 2006). The special relationship exception has been interpreted by the Third Circuit as requiring physical custody, such as "incarceration, institutionalization or other similar restraint[s] of personal liberty." *Id.* (internal citation and quotation marks omitted); *see also Sanford v. Stiles*, 456 F.3d 298, 304 n.4 (3d Cir. 2006) (stating that the special relationship "is a very limited exception"). Custody is of importance because "it deprive[s] the individual of the liberty necessary to care for himself." *Brown*, 318 F.3d at 479. Moreover, the custody must be involuntary. A special relationship is not created by voluntary custody. *Sanders v. City of Phil.*, 513 F. Supp. 2d 439, 446 (E.D. Pa. 2007); *see also D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1373 (3d Cir. 1992).

In this case, Plaintiff simply alleges that a special relationship formed between the parties because Defendant undertook "an affirmative act to provide Plaintiff medical care." (Am. Compl. ¶ 15.) Clearly, Plaintiff has failed to plead facts sufficient to establish the creation of a special relationship. There are no facts to suggest that Plaintiff was either in physical custody or restrained in any way when her injuries occurred. There are also no facts which would allow this

Court to infer that Plaintiff was deprived of the liberty to care for herself. In fact, the pleadings suggest otherwise. Plaintiff was free to get into the ambulance and she was also free to leave the ambulance if she so chose. (*Id.* ¶ 7.) No special relationship was created here.

### 2. State-Created Danger

A municipality may also incur Section 1983 liability for a substantive due process violation of the Fourteenth Amendment under the state-created danger doctrine. *Henry v. City of Erie*, 728 F.3d 275, 281 (3d Cir. 2013). To establish a state-created danger claim, Plaintiff must establish the following four elements:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship existed between the state and the plaintiff . . . ; and (4) the state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state acted at all.[3]

*Id.* at 282. Liability attaches when "the state acts to *create* or *enhance* a danger that deprives the plaintiff of his or her Fourteenth Amendment right to substantive due process." *Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir. 2013) (emphasis in original). The degree of wrongfulness needed to reach the conscience-shocking level is dependent upon the circumstances of a particular case. *See Miller v. City of Phila.*, 174 F.3d 368, 375 (3d Cir. 1999). However, "[m]ere negligence is not enough to shock the conscience." *Sanford*, 456 F.3d at 311.

To satisfy the third prong, there must be a relationship between the parties "such that the plaintiff was a foreseeable victim in the tort sense, and not in the custodial sense because the

---

[3] Plaintiff cites older Third Circuit cases with second prongs that state, "the state actors acted in willful disregard for the safety of the plaintiff." *See, e.g.*, *Brown*, 318 F.3d at 479; *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996). The most recent Third Circuit precedent follows the Supreme Court in using the "shocks the conscience" standard. *See Sanford*, 456 F.3d at 305 ("The [Supreme] Court held that generally, in a due process challenge to executive action, the threshold question is whether the government officer's actions 'shock the contemporary conscience.'" (citing *Lewis*, 523 U.S. at 847 n.8)).

State has deprived the individual of the liberty necessary to care for himself." *Brown*, 318 F.3d at 479. The fourth prong requires the municipality to carry out an affirmative act. *See Sanford*, 456 F.3d at 311. In order for a state danger to be created, a municipality's affirmative act must expose the plaintiff to danger. *See Bright v. Westmoreland Cty.*, 443 F.3d 276, 282 n.6 (3d Cir. 2006). Passive inaction does not constitute an affirmative act. *Morrow*, 719 F.3d at 178.

Here, Plaintiff alleges that Defendant failed to assist Plaintiff as she stepped into the ambulance. (Am. Compl. ¶ 8.) Without more, Plaintiff has failed to plead sufficient facts to establish that a danger was created by Defendant. Even assuming that the first and third prongs have been satisfied, sufficient facts do not exist to allow this Court to infer that the second or fourth prongs have been established. Plaintiff contends that Defendant's conduct was so egregious that it is conscience shocking. (*Id.* ¶ 10.) However, Plaintiff has failed to plead any facts which illustrate how failing to assist Plaintiff into the ambulance was anything more than mere negligence. Plaintiff offers no facts as to why Plaintiff required emergency services and why her condition or factual circumstances would have prevented her from ambulating herself. Without factual support, such an assertion is merely conclusory. Moreover, without pleading facts alleging how Defendant's affirmative act exposed Plaintiff to a danger in entering the ambulance, it cannot be inferred how the forth prong of the state-created danger doctrine has been satisfied. Accordingly, no plausible claim for relief exists under the state-created danger exception.

### 3. Monell Liability

A municipality "may not be held liable under Section 1983 through the *respondeat superior* doctrine." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990). A municipality may be liable, however, if the execution of its policy or custom causes a plaintiff's

injury.  *Monell*, 436 U.S. at 694.  A policy occurs when a "'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"  *Andrews*, 895 F.2d at 1480 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)).  A custom is a "persistent and widespread" practice of state officials that is so "permanent and well settled as to constitute a 'custom or usage' with the force of law."  *Monell*, 436 U.S. at 690.

"[I]t is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom."  *Andrews*, 895 F.2d at 1480.  To establish a substantive due process violation by a municipality through a *Monell* claim, "a plaintiff must show that executive action was 'so ill-conceived or malicious that it shocks the conscience.'"  *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 241 (3d Cir. 2013) (quoting *Miller v. City of Phila.*, 174 F.3d 368, 375 (3d Cir. 1999)).  Defining conduct that shocks the conscience does not draw on any traditional standard of liability from tort law but rather refers to "conduct intended to injure in some way unjustifiable by any government interest."  *Cty. Of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Here, Plaintiff alleges that Defendant executed a policy or custom that created an unreasonable risk of harm, which caused Plaintiff's injuries, and that Defendant was aware of the need for additional or different policies.  (Am. Compl. ¶¶ 12, 17-18.)  We are satisfied that Plaintiff has failed to plead sufficient facts from which to infer that the execution of a policy or custom caused the Plaintiff's constitutional deprivations.  For example, no facts are pled that a policy existed directing city fire department employees to instruct people in need of emergency services to ambulate themselves.  Plaintiff simply makes the bald assertion, without basis, that

Defendant had a policy or custom that caused her harm. (*Id.* ¶ 12.) This is exactly the kind of meritless claim that warrants dismissal.

IV.     **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed.

An appropriate Order follows.

                                                  **BY THE COURT:**

                                                  _____
                                                  **R. BARCLAY SURRICK, J.**